UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM H. SORENSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-cv-169 CAN |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On October 27, 2010, Plaintiff, William H. Sorenson ("Sorenson"), filed his opening brief requesting the Court to remand his application for disability insurance benefits and supplemental security income for further proceedings. On February 7, 2011, Defendant, Commissioner of Social Security ("Commissioner"), filed a response. Pursuant to the consent of the parties and 28 U.S.C. § 636(c) this Court now enters a ruling on Sorenson's complaint.

**I.    PROCEDURE**

On August 16, 2006, Sorenson filed applications for disability insurance benefits and supplemental security income, alleging disability since March 22, 1990. Sorenson's applications were denied and a hearing was held on December 1, 2008 before an administrative law judge ("ALJ"), at which Sorenson and a vocational expert ("VE") testified. On February 13, 2009, the ALJ issued a decision later adopted by the Commissioner that found that Sorenson was not disabled. Sorenson filed a complaint in this Court seeking remand of the matter to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g).

**II.   RELEVANT EVIDENCE**

Sorenson was born in August 1965 and was 24 years old on his alleged disability onset

date and 34 years old on the date of the ALJ's decision. He has a high school education and completed two years of college. Sorenson's prior work experience includes jobs as a minister, mechanic, electrician, and carpenter.

In April 2006, Sorenson went to the Occupational Medicine clinic at Wabash County Hospital after hurting his back loading parts on a mill machine. An x-ray of his lumbosacral spine showed disc disease at the L5-S1 joint and minimal to moderate spondylosis. He was referred to physical therapy and given an anti-inflammatory and a muscle relaxant.

In October 2006, Dr. Sandeep Gupta conducted a consultative medical examination of Sorenson. Dr. Gupta observed that Sorenson had decreased range of motion in the cervical and lumbar spine, but that he was alert, oriented, and in no acute distress. Dr. Gupta's examination was otherwise normal except that Sorenson complained of tingling and numbness in his right leg. Two state agency physicians reviewed Dr. Gupta's findings and opined that Sorenson did not suffer from a severe impairment.

In June 2007, Dr. John Shay, an orthopedic surgeon, examined Sorenson for evaluation of his chronic lower back pain. Dr. Shay noted that Sorenson exhibited lumbosacral tenderness and reduced forward flexion, but normal lateral bending. Sorenson's neurological examination was normal except for some mild weakness of the right ankle. Sorenson experienced pain when he lifted his right leg to the side. Dr. Shay noted that x-rays revealed degeneration of the disc at the L5-S1 joint. Dr. Shay diagnosed Sorenson with chronic lumbar syndrome with some radicular complaints into the right leg.

In July 2007, Sorenson returned to Dr. Shay following an MRI of his lumbar spine. Dr. Shay observed that the scan revealed probable postoperative changes on the left at the L5-S1

joint, a residual central and left side disc bulge, but no significant right side nerve root compression. Dr. Shay noted that the remainder of Sorenson's lumbar spine also showed no significant nerve root compression that would explain the tingling and numbness in his right leg. Dr. Shay prescribed physical therapy and pain medication.

In January 2008, Sorenson told Dr. Shay that he had not been to physical therapy or obtained the prescribed pain medication. Sorenson said that he was still working in his home engine repair business. He also reported pain in his left leg. Upon examination, Dr. Shay found no focal, motor, sensory, or reflex deficits except for a decreased reflex in the left Achilles tendon. Straight leg raising on the left caused lower back pain. Sorenson's hips and legs tested normally otherwise.

In February 2008, Sorenson underwent an epidural steroid injection that provided no significant improvement. He also underwent a functional capacity evaluation in March 2008. In April 2008, Dr. Shay indicated that Sorenson could lift fifteen pounds occasionally and five pounds frequently, but he could not repeatedly lift, bend or twist. Dr. Shay also suggested that Sorenson avoid prolonged standing, walking, and working below the waist.

On August 14, 2008, Dr. Joseph Duncan examined Sorenson. He noted that Sorenson experienced pain when lifting his left leg, but his reflexes and range of motion were normal in the hips, knees, and ankles. Dr. Duncan diagnosed Sorenson with left leg radiculopathy, suggestive of a disc herniation at the L4-5 joint and recommended surgery. On August 20, 2008, Dr. Duncan performed a left-sided L4-5 microdiscectomy with decompression of the L5 nerve root. On September 2, 2008, Dr. Duncan noted that Sorenson had improved and was not experiencing pain in the left leg.

In November 2008, Sorenson received an evaluation from Dr. Duncan and reported that his left leg pain had resolved but he developed pain in his right leg. During a functional capacity evaluation, Sorenson demonstrated signs that the pain was psychological in nature, including high pain perception, inconsistent performance, and inappropriate pain responses to light touch and movement. Based on his effort during the evaluation, Dr. Duncan concluded that Sorenson was unable to perform any work below knuckle height, but that his restrictions possibly resulted from his lack of balance, strength, and perceived pain, rather than range of motion.

Dr. Richard Hutson reviewed Sorenson's medical record and determined that Sorenson was capable of lifting fifteen pounds occasionally and five pounds frequently, but he could not repeatedly lift, bend or twist. Dr. Hutson also suggested that Sorenson avoid prolonged standing, walking, and working below the waist.

The ALJ determined that Sorenson retained the RFC to perform sedentary work provided that he did not climb ladders, ropes or scaffolds. According to VE testimony, someone with Sorenson's RFC could perform 5,700 jobs that existed in the local economy. As a result, the ALJ determined that Sorenson was not disabled.

## II.   ANALYSIS

### A.   Standard of Review

The standard of review for an ALJ's decision is whether it is supported by substantial evidence and free of legal error. See 42 U.S.C § 405(g); Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005); Golembiewski v. Barnhardt, 322 F.3d 912, 915 (7th Cir. 2003). Substantial evidence means such relevant evidence as a reasonable mind might accept to support such a conclusion. Richardson v. Perales,

4

402 U.S. 389, 401 (1972). A reviewing court is not to substitute its own opinion for that of the ALJ's or to re-weigh the evidence, but the ALJ must build a logical bridge from the evidence to his conclusion. Haynes, 416 F.3d at 626. An ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). However, an ALJ's legal conclusions are reviewed *de novo*. Haynes, 416 F.3d at 626.

    B.    Thompson's Motion for Summary Judgment

To be entitled to benefits under 42 U.S.C. §§ 423, 1321a, Sorenson must establish that he was "disabled." See 42 U.S.C. § 423(a)(1)(D). The Social Security Act defines "disability" as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. The ALJ must consider whether: 1) the claimant is presently employed, 2) the claimant has a severe impairment or combination of impairments, 3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity, 4) the claimant's residual functional capacity leaves him unable to perform his past relevant work, and 5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920; Briscoe, 425 F.3d at 352. If the ALJ finds that the claimant is disabled or not disabled at any step, he may make his determination without evaluating the remaining steps. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If there is an affirmative answer at either step three or step five, then there is a finding of disability. Briscoe, 425 F.3d at 352. At step three, if the impairment meets any of the severe impairments listed in the regulations, the

5

impairment is acknowledged by the Commissioner. See 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. app. 1, subpart P, § 404. However, if the impairment is not so listed, the ALJ assesses the claimant's RFC, which in turn is used to determine whether the claimant can perform her past work under step four and whether the claimant can perform other work in society under step five. 20 C.F.R. § 404.1520(e). The claimant bears the burden of proof on steps one through four, but the burden shifts to the Commissioner at step five. Id.

Sorenson's only objection to the ALJ's determination is that the ALJ erred in accepting the opinion of medical expert, Dr. Hutson, and the opinion of Dr. Shay, after November 8, 2008 because the functional capacity evaluation performed on that date would have changed the physicians' opinions. Sorenson notes that these two physicians relied on a March 2008 functional capacity evaluation that showed that Sorenson was retained the RFC to perform sedentary work. However, Sorenson argues that the November 2008 evaluation indicated that Sorenson's RFC was more limited.

This Court finds that the ALJ properly considered the November 8, 2008 evaluation. The ALJ's opinion relied heavily on the results of the March 2008 evaluation, in which Sorenson exhibited signs that he was not exerting a genuine effort, or Waddell's signs. Those same signs were present in the November 2008 evaluation. The ALJ found that those signs were significant indications that Sorenson's testimony and evaluation performance were not credible. Also, the ALJ noted that the record did not contain any opinions from treating physicians that Sorenson was disabled or required more limitations to his exertion level. As a result, the ALJ determined that Sorenson's performance in his evaluations was unreliable.

Furthermore, this Court cannot find any evidence to support Sorenson's contention that

the November 2008 evaluation showed any changes in his limitations. Based on the March 2008 evaluation, Dr. Shay indicated that Sorenson could lift fifteen pounds occasionally and five pounds frequently, but he could not repeatedly lift, bend or twist. Dr. Shay also suggested that Sorenson avoid prolonged standing, walking, and working below the waist. After the November 2008 evaluation, Dr. Duncan concluded that Sorenson was unable to perform any work below knuckle height, but that his restrictions possibly resulted from his lack of balance, strength, and perceived pain, rather than range of motion. The results from these two evaluations are virtually identical with only minor differences in Sorenson's overall abilities. Thus, it was not error for the ALJ to accept Dr. Shay's and Dr. Hutson's opinions after the November 2008 evaluation. As a result, this Court can only conclude that the ALJ's determination is well supported by the evidence on record.

## IV. CONCLUSION

Because the ALJ properly considered the November 8, 2008, evaluation, this Court finds that the ALJ's determination is supported by substantial evidence on the record. As a result, this Court **DENIES** Sorenson's motion to remand the case to the Commissioner for further proceedings. [Doc. No. 1].

**SO ORDERED.**

Dated this 31st day of March, 2011.

S/Christopher A. Nuechterlein<br>
Christopher A. Nuechterlein<br>
United States Magistrate Judge